# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|                              |   |                           |
|------------------------------|---|---------------------------|
| UNITED STATES of AMERICA     | ) |                           |
|                              | ) |                           |
| v.                           | ) | Criminal No.              |
|                              | ) | 06-40019-FDS              |
| DERRICK WATTERS,             | ) |                           |
|                              | ) |                           |
| Defendant.                   | ) |                           |

# MEMORANDUM AND ORDER ON
# DEFENDANT'S MOTION TO REDUCE SENTENCE

**SAYLOR, J.**

Defendant Derrick Watters pleaded guilty in June 2010 to drug and firearms charges and was sentenced to a term of imprisonment. Defendant now seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of amendments to the United States Sentencing Guidelines concerning crack cocaine offenses. For the reasons stated below, the motion will be denied.

**I.    Background**

On June 21, 2010, Watters pleaded guilty to a two-count indictment charging him with possession of at least five grams of cocaine base with intent to distribute it in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1).

Although there was no written plea agreement, the parties orally agreed that they would jointly recommend a sentence of 180 months if the Court determined that the defendant qualified as an armed career criminal, and that they would jointly recommend a sentence of 151 months if the Court determined that the defendant did not qualify as an armed career criminal.

*See* Plea Tr. 10, 12, 15.

On September 21, 2010, this Court conducted a sentencing hearing. The Court found that the defendant was not subject to the Armed Career Criminal Act, but that he was subject to the career offender provisions under the Sentencing Guidelines. *See* Sent. Tr. 16. The Court determined that the defendant had a base offense level of 34 based on the career offender guidelines, but that he was entitled to a three-level reduction for acceptance of responsibility, resulting in a total offense level of 31. *Id.* With a Criminal History Category of VI, the defendant's GSR was 188 to 235 months. *Id.* at 17. The Court departed from the guideline range and imposed the jointly recommended sentence of 151 months of imprisonment. *Id.* at 17, 25, 28.

On February 13, 2012, Watters filed a motion to reduce his sentence pursuant to 18 U.S.C. §3582(c)(2) and various amendments to the sentencing guidelines reducing the penalties for crack cocaine. Amendment 706, which took effect as a temporary, emergency measure on November 1, 2007, and Amendments 748 and 750, which took effect on November 1, 2011, implemented the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372. The amendments in substance mitigated the disparity between powder and crack cocaine sentencing by reducing the base offense level assigned to each threshold quantity of crack cocaine on the Drug Quantity Table in Section 2D1.1 of the guidelines, and gave the changes retroactive effect.

**II.** **Analysis**

The motion to reduce sentence will be denied, as this Court is without authority to reduce a sentence retroactively that was based on the career offender guideline, rather than the crack

2

cocaine guideline.

As noted, Watters was sentenced under the career offender guideline, U.S.S.G. § 4B1.1, and not the crack cocaine guideline, U.S.S.G. § 2D1.1. In accordance with the career offender guideline, the Court calculated the offense level based on the statutory maximum sentence. *See* U.S.S.G. § 4B1.1(b). The resulting level was 34, which was reduced to 31 for acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a)-(b).

A court may reduce a sentence based on a guideline range after the applicable range "has subsequently been lowered . . . if such a reduction is consistent with applicable policy statements of the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). The guideline manual provides "applicable policy statements" for sentence reduction, including a list of amendments to the guidelines to be given retroactive effect. U.S.S.G. § 1B1.10(c). However, that list of retroactive amendments is exclusive—that is, a court may not adjust sentences that result from guidelines other than those revised by the amendments listed in Section 1B1.10(c). *Id.* § 1B1.10(b) ("the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.").

Although it is included in the list of retroactive guideline revisions under Section 1B1.10(c), Amendment 750 does not support a reduction in Watters's sentence under 18 U.S.C. § 3582(c)(2), because it does not alter the career offender guideline calculation. Amendment 750 concerns the drug quantity table for crack cocaine offenses in Section 2D1.1. U.S.S.G. App. C, Amend. 750 (Nov. 1, 2011). It therefore has no bearing on the sentences of career offenders who were sentenced pursuant to Section 4B1.1. *Id.* (explaining that career offender sentences

3

under Section 3B1.1 "are unaffected by a reduction in the Drug Quantity Table" in Section 2D1.1).  Moreover, the Guidelines Manual expresses a policy disfavoring reductions based on guideline amendments when, as here, the defendant has already benefitted from a downward departure from the guideline range in effect at the time of sentencing.  U.S.S.G. § 1B1.10(b)(2)(B) ("[I]f the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.").  Thus, Amendment 750 does not authorize this Court to reduce Watters's sentence pursuant to 18 U.S.C. § 3582(c)(2) because the amendment is inapplicable.  Furthermore, the Court cannot reduce the sentence unless authorized by § 3582.

**III.    Conclusion**

For the foregoing reasons, defendant's motion to reduce sentence is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: June 21, 2012                                        United States District Judge