# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
)
**UNITED STATES of AMERICA**    )
              )
   **v.**          )  **Criminal No.**
              )  **06-40019-FDS**
**DERRICK WATTERS,**      )
              )
   **Defendant.**      )
_____)

## MEMORANDUM AND ORDER ON
## PETITIONER'S REQUEST FOR AN EVIDENTIARY HEARING

**SAYLOR, J.**

 Petitioner Derrick Watters pleaded guilty in June 2010 to drug and firearms charges and was sentenced to a term of imprisonment.  He now seeks habeas corpus relief pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel in failing to file a direct appeal despite his explicit instruction.  He requests an evidentiary hearing to determine whether he in fact instructed his attorney to file a direct appeal.  The government disputes that such a request was made, but does not object to an evidentiary hearing in order to establish that narrow issue of fact.  Accordingly, the Court will grant petitioner's request for an evidentiary hearing on the issue of whether he timely requested his attorney to file a direct appeal.

 Although petitioner has not formally requested the appointment of counsel for the purposes of that evidentiary hearing, such an appointment is warranted in light of the fact that such a hearing will be held.  The Court will refer the issue of appointment of specific counsel to the Magistrate Judge for determination.

 Accordingly, petitioner's request for an evidentiary hearing is GRANTED on the narrow

issue presented in his § 2255 petition of whether he timely requested his attorney to file a direct

appeal, and counsel will be appointed to represent him at the hearing (and possibly for further

proceedings, depending on the result of that proceeding).  Appointment of specific counsel for

that proceeding is REFERRED to the Magistrate Judge for determination.

**So Ordered.**

/s/ F. Dennis Saylor

F. Dennis Saylor IV

Dated: January 2, 2013                    United States District Judge